The Chief Justice

delivered the Opinion of the Court.
: State. This is a proceeding against George S. Edwards, a free man of color, for an alleged violation of the Statute.of 1808, (2 Stat Law, 1219,) entitled “an act to prevent “the migration of free negroes and mulattoes to this
A jury, empannelled in the County Court, in obedience to an act of 1838 (Session Acts, 70,) requiring a jury in such cases, returned a special verdict, certifying that the accused had eminigrated to this state and settled in Maysville, prior to the enactment of 1838, and about sixteen months before the institution of this prosecution: and that he had been once a slave in the State of Virginia, where he had been emancipated in the year 1803. Upon that finding, the Circuit Judge, being of the opinion that the Act of 1838 could not be constitutionally applied to an offence previously committed, and that the Act of 1808 was not enforcible without the aid of that supplemental enactment, adjudged that Edwards was not guilty, and therefore discharged him.
As the only facts presented to this Court, are those exhibited in the special verdict, we cannot decide that Edwards had ever become a citizen of Virginia; and therefore, it would be extra judicial to express an opinion as *448 to what constitutes citizenship in the sense of that provision in the Federal Constitution which declares that — “The citizens of each state shall be entitled to all privi- “ leges and immunities of citizens in the several states;” or to decide whether that national guarranty of merely civil (not political) “ privileges and immunities,” applies in each of the Co-States to any person as a citizen, and so long only as he shall be a citizen of any of the other States, of the Union; or whether it secures to a citizen of one of the States the right to be, or to become, a citizen of any other of them, or to reside in any one of the States as long as he may elect, without becoming a citizen thereof.
But assuming, in the absence of any proof or presumption to the contrary, that Edwards was never a citizen of Virginia, the only objection which can be made to the constitutionality of the act of 1808, is that which was sustained by this Court, in the case of Doram & Ryan vs. The Commonwealth (1 Dana, 331-2,) in which it was adjudged that, so far as the act purported to authorize a conviction without a jury, it was unconstitutional.In consequence of that decision, the Legislature passed the subsequent act of 1838, authorizing and requiring a, jury in all such cases.
The question, then, arises in. this case, whether the act of 1808 could have been enforced without the supplemental enactment; for, if it could not have been, the latter act is, as to Edwards, ex post facto, and therefore inoperative.
As was said in Doram & Ryan vs. The Commonwealth, “the act of 1808 should be interpreted as dispensing with a jury; ” and we are also of the opinion that, under that act, the County Courts had no authority to empannel juries; for the act required conviction whenever a County Court should be of the opinion that a free negro or mulattoe, tried by such Court, for a violation of by a Mary. thority of the act of 1808, and having as general jurisdiction, could not have had a trial by jury; for though the supreme law required a jury, in all such prosecutions *449 yet the subordinate enactment, which alone created the offence, and denounced a penalty for it, required the county court to try the accused, and authorized a conviction only when, on such trial, the Court was of the opinion that the act had been violated.
If therefore, Edwards Was 'not guilty of any offence fob Which he could have been -constitutionally tried and convicted, at the time the act charged against him was committed, the subsequent enactment of 1838 cannot be made to retroact so as constitutionally to authorize conviction.
The offence defined by the act of 1808, is 'migration’ to this state, and remaining here thirty days. These two elements constitute the whole offence denounced by the statute; when they both concur, the offence is complete; but both are necessary to authorize the procedure prescribed by the act. As coming to the state Without remaining in it for thirty days, would not be punishable"; so continuing in the state, after having committed the -complete 'offence by coming and remaining thirty days, would not be a new offence, nor per se, any offence for which there could be a-prosecution.
Then it seems to us, also, that the procedure in this case, was’ barred by the statute of limitations of 1797, (2 Stat. Law. 1139,) which limits all actions, indictments and informations, On any penal act of assembly “not affecting life or limb,” to one year next after the offence committed.
This procedure is of the nature of an information, and is certainly founded on a penal statute ‘ ‘not affecting life nr limb.” The offence, as charged, was completed more than one year prior to the institution of the prosecution; •and there has been but the one offence of migrating to, and remaining in, this State thirty days, both of which acts are required by the statute to constitute the offence thereby defined and inhibited. And, as the offence was complete at the end of thirty days after the immigration, :the statute of limitations then commenced running.
Wherefore, it is the opinion of this Court, that Edwards was properly acquitted and discharged. And there fore the judgment of the Circuit Court is affirmed.